ALTENBERND, Judge.
Cheryl A. Hoffmeyer r appeals the trial court’s order granting her former husband’s petition to modify alimony. The trial court decreased Ms. Hoffmeyer’s monthly alimony award from $1700 to $500. With some hesitation, we affirm this order.
The Hoffmeyers were divorced in 1994 after more than twenty-five years of marriage. At the time of the dissolution, Mr. Hoffmeyer was employed by IBM, and Ms. Hoffmeyer was suffering from an illness that had not been fully diagnosed. The couple’s assets were fairly divided between the parties, and Ms. Hoffmeyer received $1700 per month in alimony.
Shortly after the divorce, Ms. Hoffmeyer was diagnosed with Lyme disease. She has now been declared permanently disabled for purposes of social security and is receiving social security benefits.. Meanwhile, Mr. Hoffmeyer took early retirement from IBM, at least in part because technology has rendered his computer expertise outdated. Each party is now receiving a retirement benefit from IBM. At the time of the hearing on the petition to modify, Mr. Hoffmeyer was not yet reemployed, but the trial court assumed that he could find new employment.
At the hearing on the petition to modify, the court did not accept Ms. Hoffmeyer’s argument that she would have long-term increased medical expenses that would not be covered by insurance or her disability protection. The quality of Ms. Hoffmey *1213 er’s evidence on this issue was very poor, and the trial court questioned her credibility. The trial court, however, recognized that Mr. Hoffmeyer needs to obtain employment at some level in a different field and, therefore, refused to terminate alimony in its entirety.
We cannot conclude that the trial court abused its discretion in this case. The trial court’s ruling to reduce Ms. Hoffmeyer’s alimony from $1700 to $500 provides an appropriate balance by meeting both parties’ basic financial needs while maintaining an incentive for Mr. Hoffmeyer to seek other employment. Therefore, if Mr. Hoffmeyer’s regular income is substantially increased by virtue of new employment, or Ms. Hoffmeyer’s expenses permanently increase as a result of her illness, such circumstances should be treated as unanticipated changes based on the record in this case. Under those circumstances, our ruling does not preclude an upward modification of alimony in the future.
Affirmed.
NORTHCUTT and COVINGTON, JJ., Concur.